**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 29 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FAREPORTAL, INC., | No. 24-4523 |
| Plaintiff - Appellant, | D.C. No. 4:21-cv-02841-YGR |
| v. | MEMORANDUM* |
| NISHITH KUMAR, AKA Nishith Varma, | |
| Defendant - Appellee, | |
| and | |
| HNA GROUP (INTERNATIONAL) CO., LTD., HNA CAPITAL, LTD., JASON CHEN, LEI SHI, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted April 20, 2026**
San Francisco, California

Before: S.R. THOMAS, CHRISTEN, and FORREST, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

After filing other related complaints, Plaintiff-Appellant Fareportal, Inc. brought six claims against its former employee pro se Defendant-Appellee Nishith Kumar, alleging that it received new evidence of Kumar's wrongdoing. The district court granted judgment on the pleadings for Kumar on five of the six claims, reasoning that those claims were untimely—mostly because Fareportal already knew of Kumar's asserted misdeeds.[1] The district court also denied Fareportal leave to amend. We have jurisdiction under 28 U.S.C. § 1291 and affirm in part, reverse in part, and remand for further proceedings.

1. ***Judgment on the Pleadings.*** We review the grant of judgment on the pleadings under Federal Rule of Civil Procedure 12(c) de novo. *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, a party is entitled to judgment as a matter of law." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citation omitted). The complaint must contain "sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Harris v. County of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). We need not "accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

---

[1]The sixth claim, for violation of the New Jersey Computer Related Offenses Act, was found timely and severed. The district court has since transferred that claim to the District of New Jersey.

The district court correctly granted judgment on the pleadings to Kumar on Fareportal's Civil RICO, Defend Trade Secrets Act (DTSA), and California trade-secret claims. These claims were not timely as filed. Fareportal's RICO claim began to run in 2016, when its previous complaint demonstrated that Fareportal knew of the injury that forms the basis of its RICO claim. Similarly, Fareportal has not adequately alleged new facts supporting either its DTSA or California trade-secrets claim since 2016.

Additionally, neither the discovery rule nor equitable tolling applies to save these claims. As to the RICO claim, the discovery rule does not apply because Fareportal knew about its trade-secrets injury in 2016. *See Pincay v. Andrews*, 238 F.3d 1106, 1109 (9th Cir. 2001). And while Fareportal's allegations demonstrate diligence in pursuing the Travana Assets, Fareportal failed to include any specific allegations of what it learned from the Assets that would trigger tolling under the discovery rule for its DTSA claim. *See* 18 U.S.C. § 1836(d). Fareportal also failed to allege specific facts concealed by Kumar and his co-conspirators, "waiv[ing] this tolling defense" for the RICO and DTSA claims. *Grimmett v. Brown*, 75 F.3d 506, 514 (9th Cir. 1996). As to the California trade-secrets claim, Fareportal's allegations do not show that it "actually learned something [it] did not know before," *E-Fab, Inc. v. Accts., Inc. Servs.*, 64 Cal. Rptr. 3d 9, 21 (Ct. App. 2007) (citation omitted), and they are the type of conclusory allegations of delayed discovery that warrant

dismissal, *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 921 (Cal. 2005). The district court also correctly concluded that Fareportal failed to allege that Kumar engaged in fraudulent conduct, making equitable tolling inapplicable to that claim. *Bernson v. Browning-Ferris Indus.*, 873 P.2d 613, 615–16 (Cal. 1994).

That said, the district court did err in granting judgment on the pleadings to Kumar on Fareportal's Unfair Competition Law (UCL) and civil-conspiracy claims. To start, Fareportal's civil-conspiracy claim was timely as filed. Fareportal alleges that as late as November 8, 2017, one of Kumar's co-conspirators lied in a deposition, an act in furtherance of the conspiracy to violate the UCL. *See Livett v. F.C. Fin. Assocs.*, 177 Cal. Rptr. 411, 415 (Ct. App. 1981) (remanding on a theory that attempts to conceal conspiracy were overt acts for statute-of-limitations purposes). That date brings the alleged civil conspiracy within the four-year statute of limitations. *Cf. Filmservice Lab'ys, Inc. v. Harvey Bernhard Enters., Inc.*, 256 Cal. Rptr. 735, 742 (Ct. App. 1989) (explaining that the statute of limitations for civil conspiracy claim is determined by the underlying action); Cal. Bus. & Prof. Code § 17208 (providing that UCL claims have a four-year statute of limitations).

Though the UCL claim was untimely as filed, it was tolled under California's discovery rule. Under California law a plaintiff must "specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence" to invoke the discovery rule. *Fox*, 110 P.3d

at 920–21 (citation omitted). Fareportal alleged that it discovered new emails in February 2021 and that those emails disclosed the scheme that forms the basis of its UCL claim. And Fareportal further alleged that it was diligent in pursuing those documents. Those allegations satisfy California's discovery rule. *See id.*

2. ***Leave to Amend***. Fareportal also challenges the denial of its request for leave to amend. We review the denial only with respect to the Civil RICO, DTSA, and California trade-secret claims because we affirm the grant of summary judgment on the pleadings.

We review the denial of leave to amend for abuse of discretion and the futility of amendment de novo. *Cohen v. ConAgra Brands, Inc.*, 16 F.4th 1283, 1287 (9th Cir. 2021). The district court abused its discretion in denying leave to amend the two trade-secrets claims. Because the dismissal was premised on a statute-of-limitations defense, the allegations in the complaint must foreclose the possibility of amendment. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). "Because it is not clear that [Fareportal's] complaint could not be amended to show a lack of reasonable notice [or facts demonstrating reasonable diligence as it relates to the DTSA and California trade-secrets claims], dismissal without leave to amend was not appropriate." *Id.* This is especially true because Fareportal had not previously sought leave to amend. *Cf. Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025).

Nevertheless, the district court's denial of leave to amend was proper as to the RICO claim. Fareportal's previous filings demonstrate that it had knowledge of its injury, which forecloses the possibility that its complaint could be amended to revive the claim. *See Von Saher*, 592 F.3d at 969.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**